# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| BRIAN MCBRIDE et al.,<br><br>             Plaintiffs,<br>v.<br><br>NJ PEN et al.,<br><br>             Defendants. | Case No. 1:23-cv-02044-CPO-AMD<br><br>ELECTRONICALLY FILED |

---

**BRIEF OF DEFENDANT, NJ PEN MEDIA GROUP, LLC,
IN OPPOSITION TO
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

---

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
*Attorneys for Defendant,*
*NJ Pen Media Group, LLC*

By:    John C. Connell, Esq.
        Kerri E. Chewning, Esq.
        Christopher M. Terlingo, Esq.

On the Brief:
    Christopher M. Terlingo, Esq.

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS.....................................................................3

    A. Aug. 3, 2020: Original Article Regarding McBride Assault. ....................3

    B. June 3, 2021: Article Regarding McBride Open Public Records Act
       Lawsuit......................................................................................................3

    C. April 2, 2023: McBride Copyright Registration......................................4

III.   PROCEDURAL HISTORY...................................................................4

IV.   ARGUMENT........................................................................................6

    A. Standard of Review..................................................................................8

    B. The Court Lacks Subject Matter Jurisdiction Because the
       Requested Relief is Moot, as the Allegedly Copyrighted
       Photograph Has Already Been Removed from
       the Subject Articles..................................................................................9

    C. Even if the Plaintiffs' Request is Not Moot, Plaintiffs Do Not Have
       a Reasonable Probability of Success on the Merits of Their
       Copyright Claims...................................................................................11

       1. Plaintiffs Have Failed to Put Forth *Prima Facie* Evidence of a
          Valid and Enforceable Copyright Under the Copyright Act............11

       2. NJ Pen was Entitled to Fair Use of the Photograph Under the
          Copyright Act.................................................................................13

    D. Plaintiffs' Have Failed to Demonstrate a Reasonable Probability of
       Success on their Libel, Fraud, and Negligent Misrepresentation
       Claims. ...................................................................................................15

    E. Plaintiffs' Claims Also Fail to Demonstrate Irreparable Harm in
       the Absence of Relief, Potential Harm to Others, or that the Public
       Interest Favors Granting Relief. .............................................................18

**V. CONCLUSION** ..................................................................................................**20**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.,
  42 F.3d 1421 (3d Cir. 1994) ...............................................................................8

Carlough v. Amchem Prods., Inc.,
  10 F.3d 189 (3d Cir. 1993) .................................................................................9

County of Los Angeles v. Davis,
  440 U.S. 625 (1979)............................................................................................9

Del. River Port Auth. v. Transamerican Trailer Transport, Inc.,
  501 F.2d 917 (3d Cir. 1974) ...............................................................................8

Doe v. Banos,
  713 F.Supp.2d 404 (D.N.J.), *aff'd*, 416 Fed.Appx. 185 (3d Cir.
  2010) ..................................................................................................................19

Doug Grant, Inc. v. Greate Bay Casino Corp.,
  3 F.Supp.2d 518 (D.N.J. 1998), *aff'd as modified and remanded*,
  232 F.3d 173 (3d Cir. 2000), *cert. denied*, 532 U.S. 1038 (2001) ..............15, 16

Eberhart v. LG Electronics USA, Inc.,
  188 F.Supp.3d 401 (D.N.J. 2016)......................................................................17

Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,
  139 S. Ct. 881 (2019)...................................................................................12, 13

Graceway Pharmas., LLC v. Perrigo Co.,
  722 F.Supp.2d 566 (D.N.J. 2010)......................................................................19

Holland v. Rosen,
  277 F.Supp.3d 707 (D.N.J. 2017), *aff'd*, 895 F.3d 272 (3d Cir.
  2018) ................................................................................................................8, 9

Kos Pharms., Inc. v. Andrx Corp.,
  369 F.3d 700 (3d Cir. 2004) .............................................................................19

Mazurek v. Armstrong,
    520 U.S. 968 (1997) (per curiam)..........................................................................8

Murphy v. Millennium Radio Grp. LLC,
    650 F.3d 295 (3d Cir. 2011) ................................................................................14

N.J. Turnpike Auth. v. Jersey Cent. Power and Light,
    772 F.2d 25 (3d Cir. 1985) ........................................................................9, 10, 11

North Carolina v. Rice,
    404 U.S. 244 (1971)..............................................................................................9

Pharmacia Corp. v. Aleon Labs, Inc.,
    201 F.Supp.2d 335 (D.N.J. 2002)......................................................................18

Reilly v. City of Harrisburg,
    858 F.3d 173 (3d Cir. 2017) .......................................................................*passim*

Salovaara v. Jackson Nat'l Life Ins. Co.,
    246 F.3d 289 (3d Cir. 2001) ...........................................................................9, 10

**State Cases**

Jewish Ctr. of Sussex Cnty. v. Whale,
    86 N.J. 619 (1981) ..............................................................................................17

Miele v. Rosenblum,
    254 N.J. Super. 8 (App. Div. 1991) ....................................................................16

Rumbauskas v. Cantor,
    138 N.J. 173 (1994) ............................................................................................15

Smith v. Datla,
    451 N.J. Super. 82 (App. Div. 2017)..................................................................15

Weil v. Express Container Corp.,
    360 N.J. Super. 599 (App. Div. 2003)...............................................................17

**Federal Statutes**

17 U.S.C. §107.............................................................................................................13

17 U.S.C. §410(c) .......................................................................................................12

17 U.S.C. §411(a) ..............................................................................12, 13

17 U.S.C. §412 ........................................................................................13

Copyright Act, 17 U.S.C. §101 et seq. .........................................*passim*

Digital Millennium Copyright Act, 17 U.S.C. §1201 et seq. ...................3, 9, 10, 11

**State Statutes**

N.J.S.A. 2A:14-3 .....................................................................................15

**Rules**

Fed. R. Civ. P. 12(b)(6).............................................................................4

**Constitutional Provisions**

First Amendment................................................................................2, 19

## I.    INTRODUCTION

*Pro se* plaintiffs Brian McBride and Deborah Blissick ("plaintiffs") have filed the instant 700-plus page motion seeking a preliminary injunction, which is best summarized as a long walk for no drink of water.

Plaintiffs ultimately seek from this Court the extraordinary remedy of an affirmative injunction ordering defendant NJ Pen Media Group, LLC ("NJ Pen") to remove from its website certain articles from 2020 and 2021 that discuss the plaintiffs.[1] The basis for this request is the presence in the articles of a photograph of plaintiff Brian McBride that plaintiffs claim to have obtained a registered copyright for last month, which was removed from the subject articles on the date of registration. Other than this moot point, the other offered bases for this extraordinary request appear to be the same alleged libel, fraud, and negligent misrepresentation causes of action already set forth in the plaintiff's pending complaint which, as explained below, are meritless.

In the process of getting to this extraordinary request, the plaintiffs tell a long, winding tale primarily regarding NJ Pen's reporting about plaintiff McBride's

---

[1] NJ Pen notes the motion also requests this Court issue affirmative injunctions to five (5) non-party web-based companies, including Google, LLC (previously a party to this suit until plaintiffs filed a stipulation of dismissal with prejudice as to it (ECF No. 23)), DreamHost, Microsoft, Yahoo, Inc., and Duck Duck Go, Inc., with the aim of erasing any trace of the articles from most web search results.

undisputed 2020 incident in which he was charged for assaulting a man with a shovel. Along the way, plaintiffs make outlandish accusations and insults, including (1) stating that Matthew Skoufalos, the sole member of NJ Pen, "fuels the uncontrolled paranoia of leftward leaning political extremists," and (2) implying that Macona BBQ, a non-party former restaurant and neighbor to plaintiff Blissick's former business (an employee of which was the victim of plaintiff McBride's shovel attack), manufactured methamphetamine and the articles were "written to cause the public to target the Plaintiffs and draw public (and law enforcement) attention away from the life threatening situation" posed by the alleged BBQ meth lab. (Pl. Br. at 1-3).

Contrary to these bizarre allegations, the facts are quite simple: NJ Pen legitimately reported on undisputed matters of local interest, namely an individual affiliated with a local business (plaintiff McBride) being charged for attacking an employee of another local business with a shovel, and that same plaintiff McBride then sued the mayor of that town about the mayor's Facebook account. Plaintiffs, seemingly desperate to erase this history, have brought this complaint and motion on meritless legal grounds and with the intent of censoring NJ Pen and frustrating its First Amendment rights.

For these reasons, more fully explained below, NJ Pen respectfully requests this Court deny plaintiffs' motion for a preliminary injunction.

## II.    STATEMENT OF FACTS

The facts as drawn from the allegations in Plaintiffs' complaint as well as the Certification of Matthew Skoufalos.

### A.    Aug. 3, 2020: Original Article Regarding McBride Assault.

The complaint alleges this matter began with NJ Pen's publication of an article on August 6, 2020, which discussed plaintiff McBride engaging in a violent altercation on August 3, 2020, with an employee of a business adjacent to the former business of plaintiff Blissick that resulted in McBride being charged for striking the employee in the head with a shovel. (Complaint ¶¶5-7, 9, Ex. A). That article included, as a pictorial representation of the subject matter, a picture of plaintiff McBride that was sourced from the publicly available website of the Washington Township (New Jersey) School District and was not subject to copyright protection at the time. (Id. ¶¶1-3, 10-11). It also included a full statement issued by plaintiff McBride's then-attorney regarding the incident, after the plaintiffs declined an invitation to be interviewed for the story. (Skoufalos Cert. ¶5).

### B.    June 3, 2021: Article Regarding McBride Open Public Records Act Lawsuit.

On June 3, 2021, NJ Pen ran a story about plaintiff McBride filing a lawsuit (a matter of public record) against the Borough of Collingswood related to a dispute over records requested under the Open Public Records Act. (Complaint ¶23, Ex. B).

3

That article also clarified that plaintiff McBride was not the owner of plaintiff Blissick's business. (Id.).

### C.     April 2, 2023: McBride Copyright Registration.

Plaintiffs, nearly three years after publication of the original article, allegedly registered a copyright for that photograph on April 2, 2023, after which they issued takedown notices under the Digital Millennium Copyright Act ("DMCA") to Google, LLC, and NJ Pen's web hosting company Dream Host, which complied with the request. (Id. ¶¶35-37).

## III.   PROCEDURAL HISTORY

The plaintiffs filed their complaint on April 11, 2023, and filed the instant motion for a preliminary injunction on April 25, 2023. On May 18, 2023, this Court entered an Order to Show Cause that required any opposition to the injunction motion and any motion to dismiss the complaint to be filed by May 23, 2023. NJ Pen accordingly files this opposition to the plaintiffs' motion for a preliminary injunction, and is separately filing a motion to dismiss the complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

In their complaint, plaintiffs allege that the August 6, 2020, article is "false" (1) because it was not updated to reflect subsequent events, including McBride's

purported "acquittal"[2] on charges resulting from the attack, (2) because it "falsely" states that McBride was the owner of Blissick's business,[3] and (3) because it allegedly cited eyewitness testimony from Christopher Ward, whose account plaintiffs dispute. (Complaint, ¶¶12, 13, 26-28). Moreover, plaintiffs allege that NJ Pen wrote the story for ulterior motives, including (1) to "retaliate against Blissick" for not advertising on its website, (2) to "chill the public participation of the Plaintiffs" by discouraging them from contacting police regarding monopolization of parking spaces, to generate traffic to NJ Pen's website, to paint the victim of the shovel attack (Paris Young, whom plaintiffs allege is a personal friend of Matthew Skoufalos) "in a favorable light," and (3) to "protect the covert sale of illegal drugs at 577 Haddon Avenue." (Id. ¶¶18-20, 29-31).

Finally, plaintiffs allege the articles injured their reputation, required them to change residence, required Blissick to relocate her business and use money from her

---

[2] NJ Pen notes that, according to publicly available information, plaintiff McBride was not "acquitted" of criminal assault charges, but rather those charges were dropped as part of a plea deal in which he ultimately pled guilty to an unlawful possession of weapons charge and received two years of probation. (Skoufalos Cert. ¶4, Ex. A).

[3] As stated, the June 3, 2021, article attached as Exhibit B to plaintiffs' complaint clarified this point. (Complaint, Ex. B).

retirement account to do so, as well as emotional distress and attorney fees related to past legal work combatting resulting "cyberbullying." (Id., ¶¶21-23, Sec. IV).

## IV.    ARGUMENT

Plaintiffs have inundated this Court with letter filings and this 700-plus page motion that merely parrots the claims of their complaint in an attempt to create smoke, hoping the Court will believe there is fire. There is not. Two and three years ago NJ Pen wrote accurate stories about local events of public interest which involved the plaintiffs, including a violent incident that resulted in plaintiff McBride's undisputed criminal assault and a lawsuit against the mayor of Collingswood, and it was not the only news organization to do so,[4] though it is the only one plaintiffs have seen fit to name here.

---

[4] See, e.g., Jim Walsh, *Collingswood Coffee Shop Owner Rejects Claim of Shovel Attack*, COURIER POST (Aug. 5, 2020, 4:07 p.m.), https://www.courierpostonline.com/story/news/2020/08/05/collingswood-business-owner-brian-mcbride-hit-man-with-shovel-bliss/3302791001/; Rebecca Everett, *Husband of Business Owner Charged with Hitting Neighboring Chef in Head with Shovel*, NJ.COM (Aug. 5, 2020, 4:48 p.m.), https://www.nj.com/camden/2020/08/coffee-shop-owner-charged-with-hitting-neighboring-chef-in-head-with-shovel.html; Anthony Bellano, *Collingswood Man Charged in Shovel Attack: Police*, PATCH (Aug. 5, 2020, 3:32 p.m.), https://patch.com/new-jersey/collingswood/collingswood-business-owner-arrested-shovel-attack-police.

As set forth more fully below, this motion is moot and a gross waste of judicial resources because the allegedly copyrighted photo upon which the motion is based has already been removed from the offending articles. Moreover, as set forth in the accompanying certification of Matthew Skoufalos, at this point, NJ Pen has no interest in or intent to resume its fair use of the subject photograph, which, as stated, the plaintiffs only claim to have registered a copyright for last month (on April 2, 2023), despite knowing of its existence on the website for nearly 2 and 3 years, respectively.[5] Indeed, even if the photograph were not already removed and the motion moot, plaintiffs have failed to meet their burden to merit the extraordinary relief requested. The other speciously alleged causes of action that plaintiffs claim support this request likewise fail, as the statute of limitations has already passed for the libel claim, and plaintiffs plead nothing to demonstrate they detrimentally relied on the alleged "misrepresentations," as required to establish claims of fraud and negligent misrepresentation.

---

[5] It is worth noting that plaintiffs never contacted NJ Pen to inform it that they had acquired a copyright over a photograph that had been included in two of its articles for nearly 2 and 3 years, respectively. (Skoufalos Cert. ¶8). Instead, they immediately filed this suit after registering their copyright, evidencing their bad faith abuse of copyright.

### A.    Standard of Review

A preliminary injunction is "an extraordinary remedy ... which should be granted only in limited circumstances," and only where a movant "<u>by a clear showing</u>, carries the burden of persuasion." <u>Holland v. Rosen</u>, 277 F.Supp.3d 707, 726 (D.N.J. 2017), *aff'd*, 895 F.3d 272 (3d Cir. 2018) (emphasis in original) (first quoting <u>Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.</u>, 42 F.3d 1421, 1427 (3d Cir. 1994), and then quoting <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (*per curiam*)). Under Third Circuit law, a party seeking a preliminary injunction must demonstrate: (1) a "reasonable probability of eventual success in the litigation;" (2) irreparable harm in the absence of relief; (3) the "possibility of harm to other interested persons from the grant or denial of the injunction;" and (4) the public interest favors granting relief. <u>Reilly v. City of Harrisburg</u>, 858 F.3d 173, 176 (3d Cir. 2017) (citing <u>Del. River Port Auth. v. Transamerican Trailer Transport, Inc.</u>, 501 F.2d 917, 919-20 (3d Cir. 1974)). The first two factors are "most critical" and considered a threshold—if a plaintiff establishes these factors then a court may consider the remaining two factors and determine if "all four factors, taken together, balance in favor of granting the requested preliminary relief." <u>Id.</u> at 179.

As set forth below, plaintiffs cannot clear the first threshold of a reasonable probability of success on the merits for any of its claims, and if only for this reason NJ Pen respectfully requests the Court deny this motion.

8

**B.**    **The Court Lacks Subject Matter Jurisdiction Because the Requested Relief is Moot, as the Allegedly Copyrighted Photograph Has Already Been Removed from the Subject Articles.**

It is settled law that a federal court, prior to entertaining any of the above factors with respect to an application for injunctive relief, must first determine whether it has subject matter jurisdiction. See Carlough v. Amchem Prods., Inc., 10 F.3d 189, 201 (3d Cir. 1993) (explaining that a district court is "obliged to ascertain, at least in a preliminary fashion, its own subject matter jurisdiction . . . before issuing an injunction in aid of that jurisdiction"). Where subject matter jurisdiction is doubtful "pending a final determination, this factor should weigh strongly against granting a preliminary injunction." Holland, 277 F.Supp.3d at 726.

Mootness, like the closely related doctrine of standing, derives from the requirement under Article III of the Constitution that the federal exercise of judicial power "depends upon the existence of a case or controversy." N.J. Turnpike Auth. v. Jersey Cent. Power and Light, 772 F.2d 25, 30-31 (3d Cir. 1985) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). Actions are considered moot in the Third Circuit when (1) "the alleged violation has ceased, and there is no reasonable expectation that it will recur;" and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. at 31 (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)). See also Salovaara v. Jackson

9

Nat'l Life Ins. Co., 246 F.3d 289, 296 (3d Cir. 2001) ("We do not have jurisdiction to hear a case that cannot affect the rights appellant wishes to assert").

Here, the plaintiffs request that this Court issue an affirmative preliminary injunction to require NJ Pen to remove the subject articles, primarily on the basis that they allegedly contain a photograph of plaintiff McBride over which plaintiffs supposedly own a copyright. However, as set forth in the accompanying certification of Matthew Skoufalos, the articles in question in fact no longer contain or display the subject photograph. (Skoufalos Cert. ¶¶9-11). The photo was removed from the articles on April 2, 2023, the very same day plaintiffs claim to have registered their copyright, by NJ Pen's web host company (DreamHost) immediately after it received a DMCA notice from the plaintiffs. (Id.). Moreover, as certified by Mr. Skoufalos, the photograph remains omitted from the website and, without conceding any restriction on the photograph's future fair use, at this time NJ Pen has no interest in or intent to resume its fair use of the photograph.[6] (Id.). Therefore, this "alleged violation has ceased, and there is no reasonable expectation that it will recur." N.J.

---

[6] It is worth repeating that plaintiffs never contacted NJ Pen to inform the company that it had registered a copyright over a photograph included in a couple of nearly two and three-year-old stories on the company's website. (Skoufalos Cert. ¶10). Had they done so rather than immediately file suit in federal court, this motion would certainly have been avoided.

10

Turnpike Auth., 772 F.2d at 31. Moreover, the photograph existed on the NJ Pen site for a *de minimis* less than 24 hours of time during which the plaintiffs claim to have asserted copyright over it and there is no intent to resume its fair use, thus "completely and irrevocably eradicat[ing] the effects of the alleged violation." Id.

Therefore, NJ Pen submits that this motion is moot and respectfully requests the Court deny it on this basis.

**C.    Even if the Plaintiffs' Request is Not Moot, Plaintiffs Do Not Have a Reasonable Probability of Success on the Merits of Their Copyright Claims.**

In addition to being moot, the plaintiffs' copyright claims fail to demonstrate a reasonable likelihood of success on the merits sufficient to support the extraordinary relief sought because their motion and complaint fail to present *prima facie* evidence of their possession of a valid and enforceable copyright and because NJ Pen, in any event, was entitled to fair use of the photograph.

**1.    Plaintiffs Have Failed to Put Forth *Prima Facie* Evidence of a Valid and Enforceable Copyright Under the Copyright Act.**

Plaintiffs allege that NJ Pen violated their exclusive rights under the Copyright Act[7] to use the photograph of plaintiff McBride that they registered a

---

[7] It is somewhat unclear from plaintiffs' motion whether they are claiming a violation of the Copyright Act, 17 U.S.C. §101 et seq., or the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §1201 et seq., as plaintiffs' complaint refers to the DMCA on multiple occasions and cites the laws in the alternative, but the case law cited and discussed in the instant motion appears to refer to the Copyright Act. NJ

copyright for on April 2, 2023, by using the photo for a brief period on that date prior to its removal on April 2, 2023. A prerequisite to bringing any claim under the Copyright Act is the existence of a valid and enforceable copyright at the time suit is filed—in the absence of such a valid and enforceable copyright at the time of filing, the action fails to state a claim. 17 U.S.C. §411(a); <u>Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC</u>, 139 S. Ct. 881, 889 (2019).

Here, plaintiffs offer no evidence whatsoever in this motion that they currently possess a valid and enforceable copyright over the picture at issue, much less that they did prior to filing this motion on April 25. Indeed, they have attached no such proof to the motion, instead only asserting their possession of such as argument in their moving papers. However, though not before the Court on this motion, plaintiffs did previously attach as Exhibit E to their complaint filed on April 11 what appears to be a certificate of registration for this copyright. (Complaint, Ex. E). Under 17 U.S.C. §410(c), such a certificate serves as *prima facie* evidence of a valid and enforceable copyright in judicial proceedings *unless* registration is not made before or within five (5) years after first publication of the work. However, Plaintiffs'

---

Pen here responds to the instant motion's discussion of the Copyright Act, but notes its arguments are applicable under either law. <u>See</u> 17 U.S.C. §410(c) (applying *prima facie* evidence standard to "any judicial proceedings" concerning registration of a copyright).

certificate of registration lists a date of first publication of this photograph of December 16, 2016. (Id.). The difference between the December 16, 2016 date of first publication of this photograph and the April 2, 2023 effective date is six (6) years and three (3) months and, thus, beyond the statutory evidentiary period of five (5) years.[8] Therefore, this certificate fails as *prima facie* evidence of a valid and enforceable copyright since the requisite statutory period for a copyright claim embodied in 17 U.S.C. §411(a) is unsatisfied. Thus, this claim is a nullity. Fourth Estate Pub. Benefit Corp., 139 S. Ct. at 889.

### 2. NJ Pen was Entitled to Fair Use of the Photograph Under the Copyright Act.

Finally, it is also worth noting that, even if this Court were to find this claim not moot and the evidence proffered by plaintiffs sufficient to support it, NJ Pen as a news reporting organization is entitled to a fair use of the photograph. See 17 U.S.C. §107. The four factors governing whether a particular use of copyrighted material falls under this defense include: (1) "the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;" (2) "the nature of the copyrighted work;" (3) "the amount and

---

[8] This considerable time gap also disqualifies plaintiffs from statutory damages under the Copyright Act, as these are only available to prevailing owners who register their works before first publication or within three (3) months thereof. 17 U.S.C. §412.

13

substantiality of the portion used in relation to the copyrighted work as a whole;" and (4) "the effect of the use upon the potential market for or value of the copyrighted work." Id.; Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 306 (3d Cir. 2011).

As noted by the Third Circuit, reporters "[u]nder many circumstances ... will indeed be able to a claim a fair use defense against claims of infringement." Murphy, 650 F.3d at 306. While reporters by no means "enjoy blanket exemption from copyright," the fair use defense is appropriately recognized in the news reporting context where a reporter uses copyrighted materials in a transformative way by adding his own editorial commentary to the material, rather than simply appropriating it for the same purpose for which it was created. Id. at 306-08.

Here, NJ Pen did not simply use a picture of plaintiff McBride with no greater context. Rather, the use was as an aid to its editorial commentary on a matter of public interest—the undisputed fact of plaintiff McBride's charged criminal assault. This is exactly the sort of use found lacking in Murphy but which that court said would satisfy the fair use defense in the news reporting context. Lastly, it should be noted that there simply is no market for or commercial value to this lone picture of plaintiff McBride, and plaintiffs have not plead otherwise.

In sum, plaintiffs have failed to establish the threshold step of demonstrating a reasonable probability of success on the merits of their copyright claims because

14

the requested relief is moot, they have failed to put forth *prima facie* evidence of a valid and enforceable copyright, and because NJ Pen, in any event, is entitled to a fair use defense for the *de minimis* less than 24 hours in which it displayed this photo while it was allegedly subject to copyright.

### D. Plaintiffs' Have Failed to Demonstrate a Reasonable Probability of Success on their Libel, Fraud, and Negligent Misrepresentation Claims.

Finally, plaintiffs also rely upon their claims of libel, fraud, and negligent misrepresentation to support this request for extraordinary relief. However, plaintiffs have failed to clearly demonstrate a reasonable probability of success on these claims and, therefore, they have not made the "threshold" showing required to proceed in the analysis. Reilly, 858 F.3d at 176.

First, the libel claim has *no* probability of success on the merits because under New Jersey statutory law such claims are subject to a one-year statute of limitations running from the date of publication. See N.J.S.A. 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander"). See also Rumbauskas v. Cantor, 138 N.J. 173, 183 (1994); Smith v. Datla, 451 N.J. Super. 82, 93 (App. Div. 2017) ("Claims for defamation are subject to the one-year statute of limitations imposed by N.J.S.A. 2A:14-3, and must be filed within one year after the publication of the alleged libel or slander"). This limitations period is "to be strictly construed." Doug Grant, Inc. v. Great Bay

Casino Corp., 3 F.Supp.2d 518, 538 (D.N.J. 1998), *aff'd as modified and remanded*, 232 F.3d 173 (3d Cir. 2000), *cert. denied*, 532 U.S. 1038 (2001) (citing Miele v. Rosenblum, 254 N.J. Super. 8, 12 (App. Div. 1991)).

Here, the stories that plaintiffs claim were libelous were published on August 6, 2020, and June 3, 2021, and the complaint was filed on April 11, 2023. As such, any claims for libel resulting from these articles had to be brought by August 6, 2021, and June 3, 2022, respectively. Therefore, these claims were filed 613 and 312 days, respectively, after the close of the one-year period within which they had to be filed, and thus fail as a matter of law.

Second, plaintiffs' fraud and misrepresentation claims are simply an attempted repackaging of their untimely libel claim, as the entire section of their brief entitled "Plaintiffs are likely to prevail on their claims of fraud, negligent misrepresentation, and libel" exclusively discusses defamation concepts. Plaintiffs do not have a reasonable probability of success on either of these claims because plaintiffs have not alleged—and indeed could not possibly allege, much less establish—that they relied upon the representations made in these articles to their detriment for any plausibly conceivable purpose, as required for such claims. More specifically, the elements of legal fraud under New Jersey law are: "(1) a material representation by the defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intent that the plaintiff rely upon it; (4)

16

reasonable reliance by the plaintiff; and (5) resulting damage to the plaintiff." Weil v. Express Container Corp., 360 N.J. Super. 599, 612-13 (App. Div. 2003) (emphasis added) (citing Jewish Ctr. of Sussex Cnty. v. Whale, 86 N.J. 619, 624-25 (1981)). Similarly, negligent misrepresentation requires establishing that "(1) a false statement, (2) was negligently made, (3) plaintiff justifiably relied on that statement, and (4) suffered economic loss or injury because of the reliance." Eberhart v. LG Electronics USA, Inc., 188 F.Supp.3d 401, 409 (D.N.J. 2016) (emphasis added).

Plaintiffs have not alleged that NJ Pen intended for them to rely upon these articles, nor have they alleged that they in fact reasonably relied upon them in any way and that such reliance caused them injury. Rather, the essence of their claims is that NJ Pen authored two articles which, they allege and NJ Pen expressly denies, contained false statements that damaged their reputation and led to other consequential damages. Such claims sound in defamation, specifically libel, not fraud or negligent misrepresentation, and therefore are barred by the one-year statute of limitations for such claims, as set forth above. Accordingly, plaintiffs have failed to set forth a reasonable probability of success on the merits of these claims, and such claims do not support the issuance of an injunction.

**E.**    **Plaintiffs' Claims Also Fail to Demonstrate Irreparable Harm in the Absence of Relief, Potential Harm to Others, or that the Public Interest Favors Granting Relief.**

In addition to failing to demonstrate a reasonable likelihood of success on the merits of any of their claims, plaintiffs have also failed to establish the second "threshold" factor of irreparable harm in the absence of relief. Reilly, 858 F.3d at 176. Plaintiffs rely heavily on their asserted copyright claim to demonstrate irreparable harm, citing non-binding, out of circuit case law to support the proposition that irreparable harm is "readily found in copyright infringement cases." (Pl. Br. at 19). However, as set forth above, plaintiffs' assertion of an alleged copyright over the photograph as a basis for the requested relief of ordering the articles taken down is moot because the picture has already been removed. Moreover, plaintiffs have failed to put forth *prima facie* evidence of their possession of a valid and enforceable copyright at the time of filing and, even if they did, NJ Pen was entitled to fair use of the photograph, further demonstrating the lack of irreparable harm.

Finally, plaintiffs inexcusable delay in seeking this relief, despite the articles being published nearly two and three years ago, further evidence their failure to establish this factor. See Pharmacia Corp. v. Aleon Labs, Inc., 201 F.Supp.2d 335, 383-84 (D.N.J. 2002) (stating that a one-year delay in seeking injunctive relief in a trademark dilution case "knocks the bottom out of any claims of immediate and

irreparable harm"); <u>Doe v. Banos</u>, 713 F.Supp.2d 404, 415 n.15 (D.N.J.), *aff'd*, 416 Fed.Appx. 185 (3d Cir. 2010) (stating that the plaintiff's "lack of urgency" in bringing his claim "undermines his claim of immediate and irreparable harm" and is "reason alone" to deny injunctive relief); and <u>Graceway Pharmas., LLC v. Perrigo Co.,</u> 722 F.Supp.2d 566, 569-70 (D.N.J. 2010) (stating that injunctive relief will not be granted "in the face of a movant's inequitable conduct, including unjustified delay or dilatory conduct"). <u>But see</u> <u>Kos Pharms., Inc. v. Andrx Corp.,</u> 369 F.3d 700, 727 (3d Cir. 2004).

Similarly, plaintiffs do not demonstrate the remaining factors of a possibility of harm to others in the absence of relief or that the public interest favors relief. <u>Reilly</u>, 858 F.3d at 176. Indeed, the balance of the equities and the public interest both favor NJ Pen. Simply put, forcing NJ Pen to remove these articles from its website on the basis of an untimely libel claim, fraud and negligent misrepresentation claims that merely parrot the untimely libel claim, and a capricious abuse of an alleged copyright secured six years after the material was first published by a third party, would be unjust, without basis in law, and infringe upon NJ Pen's First Amendment right to report on matters of public interest.

19

V.     **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion for a preliminary injunction

should be denied.

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
Attorneys for Defendant,
NJ Pen Media Group, LLC

*/s/ Christopher M. Terlingo*

By:   John C. Connell, Esq.
      Kerri E. Chewning, Esq.
      Christopher M. Terlingo, Esq.

On the Brief:
      Christopher M. Terlingo, Esq.

Date: May 23, 2023