# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| BRIAN MCBRIDE et al., | Case No. 1:23-cv-02044-CPO-AMD |
| Plaintiffs, | |
| v. | ELECTRONICALLY FILED |
| NJ PEN et al., | |
| Defendants. | |

---

**BRIEF OF DEFENDANT, NJ PEN MEDIA GROUP, LLC,
IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV.
P. 12(b)(6)**

---

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
*Attorneys for Defendant,*
*NJ Pen Media Group, LLC*

By:  John C. Connell, Esq.
　　　Kerri E. Chewning, Esq.
　　　Christopher M. Terlingo, Esq.

On the Brief:
　　Christopher M. Terlingo, Esq.

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ...................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................2

III. LEGAL ARGUMENT ..............................................................................3

   A. Standard of Review..............................................................................4

   B. Plaintiffs' Libel Claim is Untimely, As It was Filed Well Beyond the One Year Statute of Limitations............................................................5

   C. Plaintiffs' Fraud and Negligent Misrepresentation Claims Fail to State a Claim Upon Which Relief May be Granted Because They Merely Repackage the Untimely Libel Claim and Do Not Allege Detrimental Reliance. ..............................................................................................7

   D. Plaintiffs Claim Under the New Jersey Civil Rights Act Fails Because NJ Pen was Not Acting Under Color of Law. ..............................9

   E. Plaintiffs' Copyright Claims Fail to State a Claim Because the Complaint Failed to Put Forth *Prima Facie* Evidence of a Valid and Enforceable Copyright Under the Copyright Act, and NJ Pen was Entitled to Fair Use of the Image..........................................................10

   F. Plaintiffs' Civil Conspiracy Claim Fails to State a Claim Because it Fails to Allege an Agreement or Common Design and for Lack of an Underlying Tort..................................................................................13

IV. CONCLUSION ......................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)......................................................................................4, 13

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)...........................................................................................4

Buck v. Hampton Twp. Sch. Dist.,
   452 F.3d 256 (3d Cir. 2006) ..............................................................................5

In re Burlington Coat Factory Sec. Litig.,
   114 F.3d 1410 (3d Cir. 1997) ............................................................................5

Christidis v. First Pa. Mortg. Tr.,
   717 F.2d 96 (3rd Cir. 1983) ...............................................................................7

Coles v. Carlini,
   162 F.Supp.3d 380 (D.N.J. 2015).......................................................................9

Doug Grant, Inc. v. Greate Bay Casino Corp.,
   3 F.Supp.2d 518 (D.N.J. 1998), *aff'd as modified and remanded*,
   232 F.3d 173 (3d Cir. 2000), *cert. denied*, 532 U.S. 1038 (2001) .......................6

Eberhart v. LG Electronics USA, Inc.,
   188 F. Supp. 3d 401 (D.N.J. 2016).....................................................................8

Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,
   139 S. Ct. 881 (2019)..................................................................................10, 11

James v. Evans,
   149 F. 136 (3d Cir. 1906) ................................................................................15

Melo–Sonics Corp. v. Cropp,
   342 F.2d 856 (3d Cir.1965) ...............................................................................4

Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,
   331 F.3d 406 (3d Cir. 2003) ...............................................................13, 14, 15

Murphy v. Millennium Radio Grp. LLC,
    650 F.3d 295 (3d Cir. 2011) ..................................................................................12

Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,
    998 F.2d 1192 (3d Cir. 1993) .................................................................................5

Port Auth. of N.Y. & N.J. v. Arcadian Corp.,
    189 F.3d 305 (3d Cir. 1999) ...................................................................................4

Rose v. Bartle,
    871 F.2d 331 (3d Cir.1989) ...........................................................................14, 15

Santiago v. Warminster Twp.,
    629 F.3d 121 (3d Cir. 2010) ............................................................................4, 14

**State Cases**

Board of Educ., Asbury Park v. Hoek,
    38 N.J. 213 (1962) ................................................................................................14

Jewish Ctr. of Sussex Cnty. v. Whale,
    86 N.J. 619 (1981) .................................................................................................8

Miele v. Rosenblum,
    254 N.J. Super. 8 (App. Div. 1991) .......................................................................6

Perez v. Zagami, LLC,
    218 N.J. 202 (2014) .............................................................................................10

Rumbauskas v. Cantor,
    138 N.J. 173 (1994) ...............................................................................................6

Smith v. Datla,
    451 N.J. Super. 82 (App. Div. 2017) .....................................................................6

Weil v. Express Container Corp.,
    360 N.J. Super. 599 (App. Div. 2003) ...................................................................8

**Federal Statutes**

17 U.S.C. §107 ...............................................................................................................11

17 U.S.C. §410(c) ..........................................................................................................11

17 U.S.C. §411(a) ..................................................................................................10, 11

17 U.S.C. §412 ............................................................................................................12

Copyright Act, 17 U.S.C. §101 et seq. ..........................................................9, 10, 12

**State Statutes**

N.J.S.A. 2A:14-3 .......................................................................................................5, 6

New Jersey Civil Rights Act, N.J.S.A. §10:6-2 .......................................................8, 9

**Rules**

Fed. R. Civ. P. 9(b) ..................................................................................................2, 7

Fed. R. Civ. P. 12(b)(6) ......................................................................................*passim*

**Constitutional Provisions**

First Amendment ..........................................................................................................15

I.     INTRODUCTION

*Pro se* plaintiffs Brian McBride and Deborah Blissick ("plaintiffs") have filed the instant complaint alleging six meritless causes of action against defendant, NJ Pen Media Group, LLC ("NJ Pen"), related to a 2020 article published on the NJ Pen website that accurately reported upon an incident in which plaintiff McBride was charged with striking another individual with a shovel, and a 2021 article that accurately reported upon plaintiff McBride's OPRA lawsuit against the Borough of Collingswood. On April 2, 2023, nearly three years after the first of these articles was published, plaintiffs allegedly registered a copyright of a single photograph included in the articles, after which they immediately preceded to file the instant complaint on April 11.

Ultimately, this case is about the plaintiffs trying to erase from the record an embarrassing episode from their past.[1] As set forth more fully below, each of the

---

[1] It should be noted that this suit against NJ Pen, even were it not meritless, is a futile effort toward that goal, as NJ Pen was by no means the only organization to report on the shovel attack story, though it is the only one plaintiffs have seen fit to name here. See, e.g., Jim Walsh, *Collingswood Coffee Shop Owner Rejects Claim of Shovel Attack*, Courier Post (Aug. 5, 2020, 4:07 p.m.), https://www.courierpostonline.com/story/news/2020/08/05/collingswood-business-owner-brian-mcbride-hit-man-with-shovel-bliss/3302791001/; Rebecca Everett, *Husband of Business Owner Charged with Hitting Neighboring Chef in Head with Shovel*, NJ.com (Aug. 5, 2020, 4:48 p.m.), https://www.nj.com/camden/2020/08/coffee-shop-owner-charged-with-hitting-neighboring-chef-in-head-with-shovel.html; Anthony Bellano, *Collingswood Man Charged in Shovel Attack: Police*, Patch (Aug. 5, 2020, 3:32 p.m.),

complaint's causes of action fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Indeed, the plaintiffs' libel claim is brought beyond the one-year statute of limitations, their fraud[2] and negligent misrepresentation claims fail for lack of any alleged detrimental reliance on their part, their civil rights claim fails because NJ Pen was not acting under color of law, their copyright claims fail to put forth *prima facie* evidence of their possessing a valid and enforceable copyright at the time of filing and fail because NJ Pen was, in any event, entitled to fair use of the allegedly copyrighted image, and, finally, their civil conspiracy claim fails due to its failure to plausibly allege any concerted action and for lack of an underlying tort.

For these reasons, more fully explained below, NJ Pen respectfully requests this Court dismiss plaintiffs' complaint, with prejudice.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

For the sake of brevity, NJ Pen hereby expressly incorporates by reference herein as if set forth at length its statement of facts and procedural history contained within in its opposition to plaintiffs' motion for a preliminary injunction. That

---

https://patch.com/new-jersey/collingswood/collingswood-business-owner-arrested-shovel-attack-police.

[2] Plaintiffs' fraud claim also fails to satisfy the heightened pleading standards of Fed. R. Civ. P. 9(b).

opposition and the instant motion to dismiss plaintiffs' complaint are filed contemporaneously in accord with the Court's Order to Show Cause entered on May 18, 2023 (ECF No. 24).

## III. ARGUMENT

Since filing their complaint, plaintiffs have inundated this Court with letter filings and a 700-plus page injunction motion that merely parrots the claims of their complaint in an attempt to create smoke, hoping the Court will believe there is fire. There is not. Two and three years ago, NJ Pen wrote accurate stories about local events of public interest which involved the plaintiffs, including a violent incident that resulted in plaintiff McBride's undisputed criminal assault and a lawsuit against the mayor and Borough of Collingswood.

If plaintiffs believed the stories were libelous—which NJ Pen vehemently denies—they were required by statute to bring such claims within one year of publication. They did not. Instead, they years later claim to have now obtained a copyright over a photograph included in the stories and proceeded to abuse that purported right as a backdoor to try to force the accurate stories to be taken down, infringing upon NJ Pen's First Amendment rights, simply because they no longer want people to be able to find this information. This is an improper goal, and this complaint is an improper means to achieve it. All of Plaintiffs' claims are similarly meritless.

3

## A. Standard of Review

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court thus "disregard[s] legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quoting Iqbal, 556 U.S. at 678). While the Court must assume the truth of all well-pleaded factual allegations in analyzing a 12(b)(6) motion to dismiss, where those facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Iqbal, 556 U.S. at 679. See also Port Auth. of N.Y. & N.J. v. Arcadian Corp., 189 F.3d 305, 311-12 (3d Cir. 1999) ("Rule 12(b)(6) ... is designed to screen out cases where 'a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted...'") (quoting Melo–Sonics Corp. v. Cropp, 342 F.2d 856, 859 (3d Cir.1965)).

Moreover, a Court engaging in a 12(b)(6) analysis "may consider documents that are attached to or submitted with the complaint..., and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (third alteration in original) (internal quotation marks omitted) (citation omitted); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) ("[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited").[3]

### B. Plaintiffs' Libel Claim is Untimely, As It was Filed Well Beyond the One Year Statute of Limitations.

Plaintiffs assert that the subject articles are libelous. This claim on its face fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) because it is brought well beyond the statute of limitations. Under New Jersey statutory law, defamation claims are subject to a one-year statute of limitations running from the date of publication. See N.J.S.A. 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the

---

[3] See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (finding that courts may consider a document at the motion to dismiss stage "if the plaintiff's claims are based on the document").

alleged libel or slander"). The statute of limitations in defamation actions "is to be strictly construed." <u>Doug Grant, Inc. v. Greate Bay Casino Corp.</u>, 3 F.Supp.2d 518, 538 (D.N.J. 1998), *aff'd as modified and remanded*, 232 F.3d 173 (3d Cir. 2000), *cert. denied*, 532 U.S. 1038 (2001) (citing <u>Miele v. Rosenblum</u>, 254 N.J. Super. 8, 12 (App. Div. 1991)).

Here, the stories that plaintiffs claim were libelous were published on August 6, 2020, and June 3, 2021, and the instant complaint was not filed until April 11, 2023. As such, under <u>N.J.S.A.</u> 2A:14-3, any claims for libel resulting from these articles had to be brought by August 6, 2021, and June 3, 2022, respectively. Therefore, these claims were filed 613 and 312 days, respectively, after the close of the one-year period within which they had to be filed, and thus fail as a matter of law. <u>See also</u> <u>Rumbauskas v. Cantor</u>, 138 N.J. 173, 183 (1994); <u>Smith v. Datla</u>, 451 N.J. Super. 82, 93 (App. Div. 2017) ("Claims for defamation are subject to the one-year statute of limitations imposed by <u>N.J.S.A.</u> 2A:14-3, and must be filed within one year after the publication of the alleged libel or slander").

Therefore, NJ Pen respectfully requests this Court dismiss with prejudice plaintiffs' libel claim.

  **C.** **Plaintiffs' Fraud and Negligent Misrepresentation Claims Fail to State a Claim Upon Which Relief May be Granted Because They Merely Repackage the Untimely Libel Claim and Do Not Allege Detrimental Reliance.**

Next, plaintiffs' complaint claims to assert causes of action for fraud and negligent misrepresentation. As a preliminary matter, with respect to the cause of action for fraud, the complaint fails to satisfy the heightened pleading standard contained in Fed. R. Civ. P. 9(b), which requires a party "state with particularity the circumstances constituting fraud or mistake." It is not at all clear from the face of the complaint what "specific false representation of material facts" the plaintiffs claim form the basis of their fraud claim specifically. Christidis v. First Pa. Mortg. Tr., 717 F.2d 96, 99 (3d Cir. 1983). While the complaint on three occasions characterizes the August 6, 2020, article as either "false" or "fake," it otherwise merely states that the article should have been updated to include subsequently developed information, or characterizes other statements, for example that plaintiff McBride owned plaintiff Blissick's business, as negligent misrepresentations. (Complaint ¶¶12, 13, 19, 20, 26).

Most simply, these claims are an attempted repackaging of plaintiffs' untimely libel claim. Indeed, the essence of their claims is that NJ Pen authored two articles which, they allege and NJ Pen expressly denies, contained false statements that damaged their reputation and led to other consequential damages. Such claims

sound in defamation, specifically libel, not fraud or negligent misrepresentation, and therefore are barred by the one-year statute of limitations for such claims, as set forth above.

Moreover, these claims also fail to state a claim upon which relief may be granted because plaintiffs have not alleged—and indeed could not possibly allege, much less establish—that they relied upon the representations made in these articles to their detriment for any plausibly conceivable purpose, as required for such claims. More specifically, the elements of legal fraud under New Jersey law are: "(1) a material representation by the defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) <u>an intent that the plaintiff rely upon it</u>; (4) <u>reasonable reliance by the plaintiff</u>; and (5) resulting damage to the plaintiff." <u>Weil v. Express Container Corp.</u>, 360 N.J. Super. 599, 612-13 (App. Div. 2003) (emphasis added) (citing <u>Jewish Ctr. of Sussex Cnty. v. Whale</u>, 86 N.J. 619, 624-25 (1981)). Similarly, negligent misrepresentation requires establishing that "(1) a false statement, (2) was negligently made, (3) <u>plaintiff justifiably relied on that statement</u>, and (4) suffered economic loss or injury because of the reliance." <u>Eberhart v. LG Electronics USA, Inc.</u>, 188 F. Supp. 3d 401, 409 (D.N.J. 2016) (emphasis added).

Plaintiffs have not alleged that NJ Pen intended for them to rely upon these articles, nor have they alleged that they in fact reasonably relied upon them in any

way and that such reliance caused them injury. Their issue with these articles, particularly the August 6, 2020, article discussing plaintiff McBride's violent incident, is that their discussion of embarrassing subject matter has allegedly "harmed" their reputation in the eyes of others. There is no allegation that NJ Pen intended for plaintiffs to rely upon these articles, nor that they did so to their detriment. This is a claim for defamation, for which the statute of limitations has expired, not a claim for fraud or negligent misrepresentation.

Therefore, NJ Pen respectfully requests the Court dismiss with prejudice plaintiffs' claims for fraud and negligent misrepresentation.

### D. Plaintiffs Claim Under the New Jersey Civil Rights Act Fails Because NJ Pen was Not Acting Under Color of Law.

Next, plaintiffs' complaint alleges an "intimidation claim under the New Jersey Civil Rights Act." (Complaint §II.B). This claim also, on its face, fails to state a claim upon which relief can be granted because NJ Pen is a private entity that was not acting under color of law, and plaintiffs' complaint contains no allegations to the contrary.

The New Jersey Civil Rights Act, N.J.S.A. 10:6-2, "allows a party who has been deprived of any rights under either the Federal or State Constitutions <u>by a person acting under color of law</u> to bring a civil action for damages and injunctive relief." Coles v. Carlini, 162 F.Supp.3d 380, 404 (D.N.J. 2015) (emphasis added).

9

As the New Jersey Supreme Court directly held in Perez v. Zagami, LLC, 218 N.J. 202, 204 (2014), a private cause of action under the New Jersey Civil Rights Act "only may be pursued against persons acting under color of law." Otherwise, only the Attorney General of the State of New Jersey may bring a claim under the Act against a private entity for violation of its provisions. Id.

Here, NJ Pen is a private entity, and its sole member, Matthew Skoufalos, is a private citizen. Therefore, under Perez, plaintiffs have no standing to assert a private cause of action under the New Jersey Civil Rights Act against NJ Pen, and NJ Pen respectfully requests the Court dismiss with prejudice this claim.

> E. **Plaintiffs' Copyright Claims Fail to State a Claim Because the Complaint Failed to Put Forth *Prima Facie* Evidence of a Valid and Enforceable Copyright Under the Copyright Act, and NJ Pen was Entitled to Fair Use of the Image.**

Plaintiffs allege that NJ Pen violated their exclusive rights under the Copyright Act to use the photograph of plaintiff McBride that they registered a copyright for on April 2, 2023, by using the photo for a *de minimis* brief period on that date prior to its removal on April 2, 2023. A prerequisite to bringing any claim under the Copyright Act is the existence of a valid and enforceable copyright at the time suit is filed—in the absence of such a valid and enforceable copyright at the time of filing, the action fails to state a claim. 17 U.S.C. §411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 889 (2019).

Plaintiffs attach as Exhibit E to their complaint filed on April 11 what purports to be a certificate of registration for this copyright. (Complaint, Ex. E). Under 17 U.S.C. §410(c), such a certificate serves as *prima facie* evidence of a valid and enforceable copyright in judicial proceedings *unless* registration is not made before or within five (5) years after first publication of the work. However, Plaintiffs' certificate of registration lists a date of first publication of this photograph of December 16, 2016. (Id.). The difference between the December 16, 2016, date of first publication and the April 2, 2023, effective date is six (6) years and three (3) months and, thus, beyond the statutory evidentiary period of five (5) years.[4] Therefore, this certificate fails as *prima facie* evidence of a valid and enforceable copyright since the requisite statutory period for a copyright claim embodied in 17 U.S.C. §411(a) is unsatisfied. Thus, this claim is a nullity. Fourth Estate Pub. Benefit Corp., 139 S. Ct. at 889.

Finally, even if this Court were to find the plaintiffs have put forth the requisite *prima facie* evidence, NJ Pen as a news reporting organization is entitled to fair use of the photograph. See 17 U.S.C. §107. The four factors governing whether a particular use of copyrighted material falls under this defense include: (1)

---

[4] This considerable time gap also disqualifies plaintiffs from statutory damages under the Copyright Act, as these are only available to prevailing owners who register their works before first publication or within three (3) months thereof. 17 U.S.C. §412.

11

"the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;" (2) "the nature of the copyrighted work;" (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole;" and (4) "the effect of the use upon the potential market for or value of the copyrighted work." Id.; Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 306 (3d Cir. 2011). As noted by the Third Circuit, reporters "[u]nder many circumstances ... will indeed be able to a claim a fair use defense against claims of infringement." Murphy, 650 F.3d at 306. While reporters by no means "enjoy blanket exemption from copyright," the fair use defense is appropriately recognized in the news reporting context where a reporter uses copyrighted materials in a "transformative" way by adding his own editorial commentary to the material, rather than simply appropriating it for the same purpose for which it was created. Id. at 306-08.

    Here, NJ Pen did not simply use a picture of plaintiff McBride with no greater context. Rather, the use was as an aid to its editorial commentary on a matter of public interest—the undisputed fact of plaintiff McBride's charged criminal assault—this is exactly the sort of use found lacking in Murphy but which that court said would satisfy the fair use defense in the news reporting context. Lastly, it should be noted that there simply is no market for or commercial value to this lone picture of plaintiff McBride, and plaintiffs have not plead otherwise.

12

In sum, plaintiffs' complaint fails to state a claim for violation of the Copyright Act because they have failed to put forth *prima facie* evidence of a valid and enforceable copyright, and because NJ Pen is entitled to a fair use defense for the *de minimis* less than 24 hours in which it displayed this photograph while it was subject to copyright.

Therefore, NJ Pen respectfully requests the Court dismiss the plaintiffs' copyright claims with prejudice.

### F. Plaintiffs' Civil Conspiracy Claim Fails to State a Claim Because it Fails to Allege an Agreement or Common Design and for Lack of an Underlying Tort.

Finally, plaintiffs assert a civil conspiracy claim, the basis of which is an allegation that a non-party, Christopher Ward, "admitted hiding information from the police, not appearing on video where he swore he was on August 3, 2020, and had no proof of residence to prove he lived at the place from which he allegedly witnessed the August 3, 2020 event." (Complaint ¶27). The only other allegation that appears relevant to this claim is that NJ Pen "failed to update his blogs to include all of Christopher Ward's self-admitted misrepresentations and false sworn certifications despite their existence in the public domain." (Id. ¶28).

The elements of civil conspiracy under New Jersey law are: (1) "a combination of two or more persons;" (2) "a real agreement or confederation with a common design;" (3) "the existence of an unlawful purpose, or of a lawful purpose

13

to be achieved by unlawful means;" and (4) "proof of special damages." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003). As is evident from a review of plaintiffs' complaint and the two allegations related to NJ Pen and non-party Ward, the plaintiffs have failed to allege any "real agreement or confederation with a common design" as between NJ Pen and Ward, nor the existence of an unlawful purpose or unlawful means to achieve a lawful purpose. Instead, plaintiffs merely accuse non-party Ward of various wrongdoing, allege that NJ Pen "failed to update" the stories to discuss this alleged wrongdoing, and then assert the legal conclusion that NJ Pen and Ward "conspired" to "make this false story." (Complaint, ¶26). These conclusory statements fail to "state a claim to relief that is plausible on its face" and "do not permit the court to infer more than the mere possibility of misconduct." Iqbal, 556 U.S. at 678-79. NJ Pen respectfully submits that the Court should "disregard" this legal conclusion supported only with conclusory statements. Santiago, 629 F.3d at 128.

Moreover, the "gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action. Proof of a conspiracy makes the conspirators jointly liable for the wrong and resulting damages." Morganroth & Morganroth, 331 F.3d at 414 (quoting Board of Educ., Asbury Park v. Hoek, 38 N.J. 213, 238 (1962)). Because "[m]ere agreement to do a wrongful act can never alone amount to a tort," id. (quoting Rose v. Bartle,

14

871 F.2d 331, 366 n. 59 (3d Cir.1989)), "[s]ome act that is itself a tort must be committed by one of the parties in pursuance of the agreement." Id. (quoting James v. Evans, 149 F. 136, 140 (3d Cir. 1906)). Here, in addition to the alleged "agreement" being supported only by conclusory statements and bald legal conclusions, the plaintiffs have, as set forth at length above, failed to establish an underlying tort, as required to establish a civil conspiracy claim under NJ law.

Therefore, NJ Pen respectfully requests the Court dismiss plaintiffs' civil conspiracy claim, with prejudice.

## IV.   CONCLUSION

For all of the foregoing reasons, NJ Pen respectfully requests the Court dismiss the plaintiffs' complaint, in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
Attorneys for Defendant,
NJ Pen Media Group, LLC

*/s/ Christopher M. Terlingo*

By:   John C. Connell, Esq.
Kerri E. Chewning, Esq.
Christopher M. Terlingo, Esq.

On the Brief:
    Christopher M. Terlingo, Esq.
Date:  May 23, 2023

15