# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| BRIAN MCBRIDE et al., <br><br> Plaintiffs, <br><br> v. <br><br> NJ PEN et al., <br><br> Defendants. | Case No. 1:23-cv-02044-CPO-AMD <br><br> ELECTRONICALLY FILED |

**REPLY BRIEF OF DEFENDANT, NJ PEN MEDIA GROUP, LLC,**
**IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
**UNDER FED. R. CIV. P. 12(b)(6)**

ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
(856) 795-2121
*Attorneys for Defendant,*
*NJ Pen Media Group, LLC*

By: John C. Connell, Esq.
     Kerri E. Chewning, Esq.
     Christopher M. Terlingo, Esq.

On the Brief:
    Christopher M. Terlingo, Esq.

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................... ii

I.   INTRODUCTION .................................................................................... 1

II.  ARGUMENT ............................................................................................ 3

   A. Plaintiffs' Complaint Fails to State a Claim and Amendment is Futile. .......... 3

      1. The Libel Claim is Untimely, and Amendment Will Not Rectify Plaintiffs' Violation of the Statute of Limitations. ..................................... 4

      2. Plaintiffs' Fraud and Negligent Misrepresentation Claims Do Not and Cannot Allege Reasonable Detrimental Reliance and Amendment is Futile. ................................................................................... 5

      3. Plaintiffs' New Jersey Civil Rights Act Claim Fails Because NJ Pen is Not a State Actor, and Amendment Will Not Change That. ........... 7

      4. Plaintiffs' Copyright Claims Fail For Lack of *Prima Facie* Evidence at the Time of Filing and Because Plaintiffs Have No Damages. .................................................................................................. 8

      5. Plaintiffs' Civil Conspiracy Claims Fail to State a Claim and Fail for Lack of an Underlying Tort. ............................................................. 11

III. CONCLUSION ....................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009)..................................................................................................9

In re Burlington Coat Factory Sec. Litig.,
 114 F.3d 1410 (3d Cir.1997) ....................................................................................3

Christidis v. First Pa. Mortg. Tr.,
 717 F.2d 96 (3d Cir. 1983) .......................................................................................5

Coles v. Carlini,
 162 F.Supp.3d 380 (D.N.J. 2015).............................................................................7

Doug Grant, Inc. v. Greate Bay Casino Corp.,
 3 F.Supp.2d 518 (D.N.J. 1998), *aff'd as modified and remanded*,
 232 F.3d 173 (3d Cir. 2000), *cert. den.*, 532 U.S. 1038 (2001) .............................4

Eberhart v. LG Electronics USA, Inc.,
 188 F. Supp. 3d 401 (D.N.J. 2016)...........................................................................6

Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,
 139 S.Ct. 881 (2019).................................................................................................8

Fowler v. UPMC Shadyside,
 578 F.3d 203 (3d Cir. 2009) .....................................................................................9

Jablonski v. Pan Am. World Airways, Inc.,
 863 F.2d 289 (3d Cir.1988) ......................................................................................3

James v. Evans,
 149 F. 136 (3d Cir. 1906) .......................................................................................12

Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.,
 331 F.3d 406 (3d Cir. 2003) ...................................................................................11

Murphy v. Millennium Radio Grp. LLC,
 650 F.3d 295 (3d Cir. 2011) ...................................................................................10

Oran v. Stafford,
    34 F.Supp.2d 906 (D.N.J. 1999) .................................................................................3

Penn Bus. Credit, LLC v. All Staffing, Inc.,
    597 F. App'x 692 (3d Cir. 2015) ................................................................................3

Travelers Indem. Co. v. Dammann & Co.,
    594 F.3d 238 (3d Cir. 2010) .......................................................................................3

**State Cases**

Miele v. Rosenblum,
    254 N.J. Super. 8 (App. Div. 1991) ...........................................................................4

Perez v. Zagami, LLC,
    218 N.J. 202 (2014) .................................................................................................7, 8

Rumbauskas v. Cantor,
    138 N.J. 173 (1994) ....................................................................................................4

Smith v. Datla,
    451 N.J. Super. 82 (App. Div. 2017) .........................................................................4

Weil v. Express Container Corp.,
    360 N.J. Super. 599 (App. Div. 2003) .......................................................................6

**Federal Statutes**

17 U.S.C. § 107 ................................................................................................................10

17 U.S.C. § 410(c) ..............................................................................................................8

17 U.S.C. § 411(a) ..............................................................................................................8

17 U.S.C. § 412 ...................................................................................................................9

**State Statutes**

N.J.S.A. 2A:14-3 .................................................................................................................4

N.J.S.A. 10:6-2 ................................................................................................................3, 7

**Rules**

Fed.R.Civ.P. 9(b) ....................................................................................................5

Fed.R.Civ.P. 12(b)(6)........................................................................................*passim*

I.      INTRODUCTION

Defendant, NJ Pen Media Group, LLC ("NJ Pen") submits this Reply Brief in further support of its pending Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 27). The plaintiffs' brief in opposition to this motion continues their penchant for making bizarre and inflammatory accusations, including referring to Matthew Skoufalos, the sole member of NJ Pen, on two occasions as "nothing more than a racist, misogynist, self-serving internet troll." (ECF No. 30, at 1-2, 6). They also accuse counsel for NJ Pen of "suborning this racist, and patently unlawful, racist agenda" and imply that counsel has aided a "crime," stating that "[a]ttorneys are not allowed to aid clients in the commission of criminal acts." (Id. at 2). Beyond the obvious point that such accusations are patently false and wholly inappropriate, they are an accurate measure of plaintiffs' misguided desperation. While plaintiffs, as *pro se* litigants, are not subject to the code of ethics to which practicing attorneys subscribe, NJ Pen respectfully submits that the Court should not countenance this behavior in a court of law.

Moreover, the source of these inappropriate accusations are entirely new factual and legal allegations, completely absent from plaintiffs' complaint, that appear to sound in Equal Protection and/or disparate treatment. They apparently revolve around the plaintiffs' new allegation that NJ Pen "refuses to treat articles about the white Plaintiff McBride the same as articles about Defendants of color:

1

restrict access to those customers of the Defendant with a paid subscription." (Id.).[1] Plaintiffs' opposition similarly attempts to "add" claims for tortious interference and a violation of the Civil Rights Act of 1964, which are likewise entirely absent from their complaint. (Id. at 4). As these claims are unpled in the complaint and thus improperly raised here, NJ Pen does not address them and respectfully requests the Court likewise disregard them.

Otherwise, as to the claims actually pled and which this motion challenges, plaintiffs merely assert in conclusory fashion that they have pled plausible claims and appeal to the Court to dismiss their claims without prejudice, and with leave to amend. As set forth more fully below, plaintiffs' complaint should be dismissed in its entirety, with prejudice, because these claims do not and cannot state a plausible claim to relief and no amount of amending will remedy this. Moreover, as the vitriol of the plaintiffs' filings clearly demonstrate, they will continue to manufacture new claims against NJ Pen for as long as this Court is willing to permit them to do so. NJ Pen respectfully requests this Court not oblige, and dismiss the complaint with prejudice for the reasons detailed below.

---

[1] While under no legal obligation to respond to this unpled allegation, NJ Pen briefly notes for the Court's reference that a quick visit to njpen.com reveals that this allegation is patently false, as the plaintiffs are or should be aware.

## II.   ARGUMENT

The plaintiffs' claim that the proper curative action for any deficiencies in their complaint is a dismissal without prejudice and with leave to amend. However, it is well established law that this is not the case where, as here, amending the complaint would be futile because such complaint, as amended, would still fail to state a plausible claim to relief. See Penn Bus. Credit, LLC v. All Staffing, Inc., 597 F. App'x 692, 694 (3d Cir. 2015) ("Amendment of the complaint is futile if the amendment will not cure the deficiency in the original [pleading] or if the amended [pleading] cannot withstand a renewed motion to dismiss") (alteration in original) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)); Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010) ("In determining whether a claim would be futile, 'the district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6)") (alteration omitted) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)); Oran v. Stafford, 34 F.Supp.2d 906, 914 (D.N.J. 1999).

### A.   Plaintiffs' Complaint Fails to State a Claim and Amendment is Futile.

As set forth in NJ Pen's moving brief (ECF No. 27-1), plaintiffs' complaint asserts six causes of action: (1) libel; (2) fraud; (3) negligent misrepresentation; (4) violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2; (5) violations of

3

copyright law; and (6) civil conspiracy. Each of these claims are defective in ways that make amendment futile, and as such should be dismissed with prejudice.

> **1. The Libel Claim is Untimely, and Amendment Will Not Rectify Plaintiffs' Violation of the Statute of Limitations.**

Plaintiffs filed their complaint on April 11, 2023, and in it assert a claim for libel based upon articles that were published on August 6, 2020, and June 3, 2021. Under New Jersey statutory law, defamation claims are subject to a one-year statute of limitations running from the date of publication. See N.J.S.A. 2A:14-3 ("Every action at law for libel or slander shall be commenced within 1 year next after the publication of the alleged libel or slander"). This limitation is strictly construed. Doug Grant, Inc. v. Greate Bay Casino Corp., 3 F.Supp.2d 518, 538 (D.N.J. 1998), *aff'd as modified and remanded*, 232 F.3d 173 (3d Cir. 2000), *cert. den.*, 532 U.S. 1038 (2001) (citing Miele v. Rosenblum, 254 N.J. Super. 8, 12 (App. Div. 1991)).

Therefore, under N.J.S.A. 2A:14-3, any claims for libel resulting from these articles had to be brought by August 6, 2021, and June 3, 2022, respectively. As such, these claims were filed 613 and 312 days, respectively, after the expiration of the one-year period within which they had to be filed, and thus fail as a matter of law. See also Rumbauskas v. Cantor, 138 N.J. 173, 183 (1994); Smith v. Datla, 451 N.J. Super. 82, 93 (App. Div. 2017) ("Claims for defamation are subject to the one-year statute of limitations imposed by N.J.S.A. 2A:14-3, and must be filed within one year after the publication of the alleged libel or slander").

Amending the complaint will not rectify this violation of the statute of limitations, and thus these claims should be dismissed with prejudice.

### 2. Plaintiffs' Fraud and Negligent Misrepresentation Claims Do Not and Cannot Allege Reasonable Detrimental Reliance and Amendment is Futile.

While plaintiffs' complaint includes causes of action for fraud and negligent misrepresentation, it is clear that these claims are merely an attempted repackaging of their libel claim. Indeed, while the complaint on three occasions characterizes the August 6, 2020, article as either "false" or "fake," it otherwise merely states that the article should have been updated to include subsequently developed information, or characterizes other statements, for example that plaintiff McBride owned plaintiff Blissick's business, as negligent misrepresentations. (ECF No. 1 ¶¶12, 13, 19, 20, 26).[2] The essence of plaintiffs' claims is that NJ Pen authored two articles which, they allege and NJ Pen expressly denies, contained false statements that damaged their reputation and led to other consequential damages. Such claims plainly sound in defamation, specifically libel, not fraud or negligent misrepresentation, and therefore are barred by the one-year statute of limitations for such claims, as set forth above.

---

[2] With respect to fraud specifically, these allegations also fail to "state with particularity the circumstances constituting fraud or mistake," as required under the heightened pleading standard of Fed. R. Civ. P. 9(b). See Christidis v. First Pa. Mortg. Tr., 717 F.2d 96, 99 (3d Cir. 1983).

5

Moreover, the plaintiffs do not, and indeed could not, allege that NJ Pen authored these articles or made these statements with an intent for *plaintiffs* to rely upon them, as required to establish either a fraud or negligent misrepresentation claim. See Weil v. Express Container Corp., 360 N.J. Super. 599, 612-13 (App. Div. 2003) (identifying the elements of legal fraud as "(1) a material representation by the defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intent that the plaintiff rely upon it; (4) reasonable reliance by the plaintiff; and (5) resulting damage to the plaintiff") (emphasis added); Eberhart v. LG Electronics USA, Inc., 188 F. Supp. 3d 401, 409 (D.N.J. 2016) (identifying the elements of negligent misrepresentation as "(1) a false statement, (2) was negligently made, (3) plaintiff justifiably relied on that statement, and (4) suffered economic loss or injury because of the reliance") (emphasis added).

The plaintiffs do not and cannot claim that NJ Pen intended for *them* to rely upon the statements contained in the articles in any way, nor that they did in fact reasonably rely upon them to their detriment. Rather, their issue with these articles, particularly the August 6, 2020, article discussing plaintiff McBride's violent incident, is that their discussion of embarrassing subject matter has allegedly "harmed" their reputation in the eyes of others. That is a libel claim, which they are out of time to bring.

6

NJ Pen authored these articles on matters of local interest to inform the community at large of events that had occurred within those communities, not so that the plaintiffs would rely upon them in anyway. Indeed, to suggest that Plaintiffs somehow relied on these articles is simply ludicrous. Plaintiffs do not and cannot claim otherwise, and amending these claims would be futile because the required element of reasonable detrimental reliance is and will remain absent. Therefore, NJ Pen respectfully requests that plaintiffs' fraud and negligent misrepresentation claims be dismissed with prejudice.

### 3. Plaintiffs' New Jersey Civil Rights Act Claim Fails Because NJ Pen is Not a State Actor, and Amendment Will Not Change That.

Next, plaintiffs assert an "intimidation claim under the New Jersey Civil Rights Act." (Complaint §II.B). Under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, "a party who has been deprived of any rights under either the Federal or State Constitutions by a person acting under color of law [may] bring a civil action for damages and injunctive relief." Coles v. Carlini, 162 F.Supp.3d 380, 404 (D.N.J. 2015) (emphasis added). The New Jersey Supreme Court in Perez v. Zagami, LLC, 218 N.J. 202, 204 (2014), held that a private cause of action under the New Jersey Civil Rights Act "only may be pursued against persons acting under color of law." Otherwise, only the Attorney General of the State of New Jersey may bring a claim under the Act against a private entity for violation of its provisions. Id.

7

NJ Pen is a private entity and its sole member, Matthew Skoufalos, is a private citizen. Therefore, under Perez, plaintiffs have no basis or standing to assert a private cause of action under the New Jersey Civil Rights Act against NJ Pen, and amending the complaint will not remedy this. As such, NJ Pen respectfully requests the Court dismiss this claim with prejudice.

### 4. Plaintiffs' Copyright Claims Fail For Lack of *Prima Facie* Evidence at the Time of Filing and Because Plaintiffs Have No Damages.

Plaintiffs assert violations of the Copyright Act, 17 U.S.C. §101 et seq. and/or the Digital Millennium Copyright Act, 17 U.S.C. §1201 et seq. based upon NJ Pen's use of a photograph of plaintiff McBride that plaintiffs allegedly registered a copyright for on April 2, 2023. As set forth in NJ Pen's moving brief, plaintiffs have failed to satisfy the statutory prerequisite to bringing such claims, namely the presentation of *prima facie* evidence of possessing a valid and enforceable copyright at the time of filing. See 17 U.S.C. §411(a); Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S.Ct. 881, 889 (2019). All they present is an alleged certificate of registration, which lists a date of first publication of the photograph of December 16, 2016, which is more than six (6) years prior to the registration date of April 2, 2023.

Under 17 U.S.C. §410(c), certificates of registration fail as *prima facie* evidence of copyright in judicial proceedings if, as here, the registration is not made

8

before or within five (5) years after first publication of the work. Thus, plaintiffs present no plausible factual evidence to support their ownership of a valid copyright over this picture beyond mere conclusory allegations that are insufficient as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Moreover, this large gap in time between the date of first publication and the alleged copyright registration also disqualify plaintiffs from statutory damages under the copyright laws. See 17 U.S.C. §412 (stating that statutory damages are only available to prevailing copyright owners who register their works before first publication or within three (3) months thereof). Plaintiffs appear to acknowledge this in their opposition. (ECF. No. 30 at 6) ("If a content creator does not make a timely registration, they are not allowed to recover statutory damages or attorneys' fees. The copyright holder is limited to actual damages").

This is significant because plaintiffs certainly *have no actual damages* from this alleged violation, and amending their complaint will not *ipso facto* provide any. Indeed, as acknowledged in the complaint, the photograph in question was removed from the NJ Pen website on the very same day plaintiffs allegedly registered a copyright over it (which, notably, was nearly three years after publication of the articles, which publication and use of the photograph plaintiffs were aware of). (ECF No. 1 ¶¶35-38). As such, even with plaintiffs' claims being taken as true, the

9

photograph was displayed for a *de minimis* period of a few hours during which it was allegedly subject to copyright. The plaintiffs certainly did not suffer any actual damages during this *de minimis* period.

Finally, even if the plaintiffs were able to prove their claim and that they suffered actual damages from this *de minimis* use, NJ Pen was entitled to a fair use of the photograph. See 17 U.S.C. §107; Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 306 (3d Cir. 2011). NJ Pen used the photograph merely as a pictorial representation of its own editorial commentary, which is a transformative use that does not merely appropriate the work for the same purpose for which it was created. Murphy, 650 F.3d at 306. This lone picture of plaintiff McBride also has no commercial or market value, which further supports NJ Pen's fair use defense under Murphy. Plaintiffs' only defense to this part of NJ Pen's motion is to state that NJ Pen's use of the photograph was "anything but fair." (ECF No. 30, at 6). The plaintiffs' opinion, however, is irrelevant to this question of law.

Ultimately, plaintiffs' copyright claims are nothing more than a back door attempt to force NJ Pen to remove its accurate reporting on events involving the plaintiffs, which the plaintiffs find embarrassing. Such copyright, to the extent it exists, was obtained by the plaintiffs in bad faith and with the sole intent of bringing this action against NJ Pen. As certified by Matthew Skoufalos (ECF No. 26-1), the plaintiffs at no point contacted him to inform him they had registered a copyright

over a photograph used in a pair of two and three-year-old stories or to request its removal. Instead, they filed this lawsuit less than ten (10) days after allegedly registering the copyright.

Therefore, because the plaintiffs have brought their copyright claims in bad faith, present no *prima facie* evidence and only bare legal conclusions to support the claims, and have no actual damages even if they prevailed on the claims, NJ Pen respectfully requests the Court dismiss these claims with prejudice.

### 5. Plaintiffs' Civil Conspiracy Claims Fail to State a Claim and Fail for Lack of an Underlying Tort.

Finally, plaintiffs' assert a civil conspiracy claim based on the alleged actions of a non-party named Christopher Ward and NJ Pen's alleged failure to "update [its] blogs to include" information about these alleged actions of non-party Ward. (ECF No. 1 ¶¶26-28). The elements of civil conspiracy include: "(1) a combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose, or of a lawful purpose to be achieved by unlawful means; and (4) proof of special damages." Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003). Plaintiffs' complaint merely states in conclusory fashion that NJ Pen and non-party Ward "conspired ... to make this fake story," and thus alleges no factual matter whatsoever, let alone plausible factual averments, to demonstrate that NJ Pen and Ward had a real agreement with a common design, that such agreement had an unlawful purpose

11

or a lawful purpose to be achieved by unlawful means, nor offers proof of any special damages. Id.

Moreover, under New Jersey law, for a claim of civil conspiracy to be actionable, there must be evidence that "[s]ome act that is itself a tort [was] committed by one of the parties in pursuance of the agreement." Id. (quoting James v. Evans, 149 F. 136, 140 (3d Cir. 1906)). This is because the "gravamen of an action in civil conspiracy is not the conspiracy itself but the underlying wrong which, absent the conspiracy, would give a right of action." Id. As set forth above, the other causes of action asserted by plaintiffs fail to state a claim in ways that make amendment futile, and, therefore, in the absence of an underlying tort plaintiffs' civil conspiracy claim likewise fails to state a claim.

## III. CONCLUSION

For all of the foregoing reasons, NJ Pen respectfully requests the Court dismiss the plaintiffs' complaint, in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

                                            ARCHER & GREINER, P.C.
                                            1025 Laurel Oak Road
                                            Voorhees, NJ 08043
                                            (856) 795-2121
                                            Attorneys for Defendant,
                                            NJ Pen Media Group, LLC

                                            */s/ Christopher M. Terlingo*

                             By:   John C. Connell, Esq.
                                          Kerri E. Chewning, Esq.
                                          Christopher M. Terlingo, Esq.

On the Brief:
    Christopher M. Terlingo, Esq.

Date:  June 13, 2023

13