VIA ECF
August 31, 2023
Honorable Christine P. O'Hearn, U.S.D.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Courtroom 5A
Camden, NJ 08101

Re: Brian McBride, et al. v. NJ Pen Civil Action No. 1:23-cv-02044-CPO-AMD

Your Honor:

The Plaintiffs are in receipt of the draft Mutual General Release contemplated on the record before Your Honor on August 22, 2023 in Camden.

Having been through these types of agreements before, whereas my co-Plaintiff has not, I noticed that the fairly ubiquitous non-disparagement clause is absent. These are routinely included as boilerplate language in a mutual general release and I need not educate the Court on that point.

When I agreed to a mutual general release before Your Honor, I contemplated a non-disparagement clause as part and parcel of a mutual general release. Your Honor noted on the record that I did speak with an attorney about the terms before going on the record before Your Honor. It is my understanding that non-disparagement clauses are "standard equipment" for a mutual general release.

The claims I made for defamation and/or libel were not dismissed for lack of merit but for being untimely. If, as in a motion for dismissal under R 12(b)(6), the allegations are taken in the most favorable light to the Plaintiff, I hope the Court shares my suspicions that the lack of a non-disparagement clause could mean the Defendant wants a "second bite of the apple" to paint the Plaintiff(s) in a disparaging and/or false light. It seems like Defendant is ready, willing, and able to take the risk of being sued a second time. I am sure the Court shares my reticence to see another lawsuit between the parties.

I have concerns that Defendant wants to write about me again in an unfair light and somehow tie *me* to a business he swore on the record that Defendant knows that I do not own. For example, in OPRA requests directed to the Borough of Collingswood, I discovered that the police involved in my case had allegations of untruthfulness that were withheld from the Camden County Prosecutor. This is a Giglio violation as the Court is well aware. In those emails requesting records, I referred to the Mayor of Collingswood as "Jim 'I love Frank Rizzo' Maley" because my civil rights were violated in a manner identical to the late former Mayor of Philadelphia. Maley was also quoted by MSNBC as loving the racist and homophobic Mayor Rizzo. Additionally, I also found that the incumbent business administrator was posting revealing photos of herself in swimwear during the workday and on the taxpayers' dime. I was critical of that lack of professionalism inside of OPRA requests.

I am sure, given the Defendant's past "oversights" referenced in my original complaint before that Defendant again wants a second bite of the apple. Again, I would like the mutual settlement agreement to make Defendant think twice about the truthfulness of what he writes. Plaintiff was wrongfully convicted of a crime and his civil rights were violated by law enforcement in the process. Why would I

not be angry and use language to show that frustration? Mr. Cohen, of *Cohen v. California* said far worse to public officials and the same was upheld as his constitutional right.

Plaintiff has no problem with any journalist getting the facts right, not omitting facts, updating their stories to fix errors, updating articles when the story itself has new developments, and disclosing financial and personal conflicts of interest.  In this case, Defendant has some sort of axe to grind with me and has unnecessarily taken my wife and *her* business along for that ride. Defendant's position in settlement seems little to do with journalistic ideology and more with wanting revenge for this instant lawsuit with another bite of the apple.

In summary, a *mutual* non-disparagement clause, standard in general releases, is absent from this agreement between Plaintiffs and Defendant. However, its presence protects all parties to the agreement.

If a non-disparagement clause is not agreeable, then I would propose, as an alternative, that Defendant be required to include on any future articles that "Brian McBride sued NJPen for inaccurate reporting and copyright violations, NJPen denies the allegations, the claims of libel were dismissed as untimely but not on the merits, and the lawsuit was settled amicably." Same alerts the readers to a conflict of interest between the reporter and the story.

I am awaiting a response from opposing counsel.  I pray no further intervention from the Court is necessary.

Very truly yours,


Brian McBride
Plaintiff